EXHIBIT D

| | |
|---|---|
| KIMBERLY STREET | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| *Plaintiff,* | : |
| | : CIVIL LAW ACTION |
| v. | : |
| | : JUNE TERM 2023 No: 1632 |
| GAC SHIPPING USA, INC.; | : **GENERAL MARITIME LAW** |
| and | : |
| TRANSESTE SCHIFFAHRT, GmbH *et al.* | : **MAJOR JURY TRIAL DEMANDED** |
| | : |
| *Defendants.* | : *CONSOLIDATED WITH* |
| | : SEPTEMBER TERM, 2023 NO. 00844 |

## NOTICE TO DEFEND

| | |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court with only such further notice to you as may be required by law, for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de las demanda y la nonficacion, llace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demands en contra de su persona. Sea avisado que si ustedno se defiendo la corta tomara medidas y puede continuar la demanda en contra suya sin previo aviso o nonficacion. Ademis, la corta puede decidir a favor del demandante y requiere que usted compla con indas las provisiones de estra demanda Usted puede perder dinero o sus propiedades u otius derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE, OR IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOCADO IMMEDIATAMENTE SI NO TIENE ABOCADO O SI NO TIENE EL DINFRO SUFICIENTE DE PACSR TEL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERICUAR DONDE SE PUEDE CONSECUIR ASISTENCIA LEGAL. |
| LAWYER REFERRAL AND INFORMATION SERVICE<br>ONE READING CENTER | ASOCIACION DE LICENCIADOS DE |

## CIVIL ACTION – AMENDED COMPLAINT

1.  Plaintiff, Kimberly Street, is an individual residing at 408 Carpenter Circle, Brookhaven,

    PA, 19015.

2.  Defendant, Transeste Schiffahrt, GmbH ("Transeste"), is a German Corporation with a

    registered address at Hinter den Höfen 9B, 21635 Jork, Germany.

3.  Defendant, EF Olivia, Ltd. ("EF Olivia"), is a German corporation with a principal place

    of business at Trust Company Complex Ajeltake Road, Ajeltake Island Majuro, Marshall

Case ID: 230801632
Control No.: 24041897

Islands MH 96960.

4. In the alternative, EF Olivia is located at in the Marshall Islands, South Quay, Douglas, Isle of Man, IM1 5PD.

5. Defendant, EF Olivia GMBH & Co. KG., ("Olivia GMBH") is a German corporation with a principal place of business at "care of" Peter Doehle Schiffahrts-KG, Elbchaussee 370, 22609 Hamburg, Germany.

6. Defendant, Döhle Shipmanagement, Ltd. ("Döhle Shipmanagement') is a corporation with a principal place of business at Fort Anne, South Quay, Douglas, Isle of Man, IM1 5PD.

7. Defendant Peter Döhle Schiffarts-KG ("Döhle Schiffarts") is a German Corporation with offices at Elbchaussee 370, 22609 Hamburg, Germany.

8. Upon information and belief, at all material times, the vessel in question was or is owned by Transeste Schiffahrt, GmbH (Transeste), EF Olivia, Ltd. "(EF Olivia") , EF Olivia GMBH & Co. KG., ("Olivia GMBH"), Döhle Ship Management, Ltd. (Döhle Shipmanagement), and/or Peter Döhle Schiffarts-KG (Döhle Schiffarts)

9. Döhle Schiffarts may also have been serving as the manager of the crew at all relevant times.

10. Upon information and belief, Olivia GMBHmay be the successor in interest of EF Olivia.

11. The *EF Olivia*, formerly known at all relevant times and referred to herein as the *Independent Vision*, is a container ship built in 2006 by New Szczecin Shipyard - Szczecin, Poland, currently sailing under the flag of Madeira. Its gross tonnage is 35881 tons.

12. Defendant INDEPENDENT CONTAINER LINE, LIMITED ("ICL") is a company with a principal place of business at ICL Penn Terminal, 1 Saville Avenue Eddystone PA 19022.

13. Defendant, GAC Shipping USA, Inc., is a company with a principal place of business at 1 International Plaza. Philadelphia, PA 19113.

14. At all material times, Defendants were regularly conducting business in Philadelphia County.

15. Among its many services, GAC Shipping USA, Inc. (GAC) serves as the agent of a vessel owner when a vessel is docked at the Penn Marine Terminal in Philadelphia.

16. In the alternative, ICL serves as the agent of a vessel owner when a vessel is docked at the Penn Marine Terminal in Philadelphia.

17. Plaintiff was employed as a U.S. Customs and Border Protection Officer assigned to the vessel boarding team.

18. On or about September 21, 2021, Plaintiff was boarding the *Independent Vision* at Penn Marine Terminal in Philadelphia, PA when the incident described herein occurred.

19. At the time of the incident, Plaintiff was lawfully on board the *Independent Vision*.

20. At all material times, Plaintiff was not a "seaman" within the meaning of the Jones Act.

21. The Longshore and Harbor Workers Compensation Act (LHWCA) does not apply to this matter because Plaintiff was, at all material times, an employee of the United States Government.

22. On the day of the incident, the vessel was to use a gangway which the ship's crew would put in place by placing a staircase extension from the bottom of the gangway to the pier.

23. This staircase can be as tall as three stories depending on how deep in the water the vessel is sitting.

24. It is the vessel's crew's responsibility to lower and attach the gangway from the vessel.

25. When the Plaintiff boarded, the crew was instructed to lower the gangway and secure it to the pier due to the gap between the gangway and river.

26. Plaintiff and Mr. Jakobus Snel, a co-worker of the Plaintiff's, helped pull the gangway over which was already partially lowered and hanging next to the ship. The bumpers created a gap in the gangway, but no device was attached.

27. At this point there was no crew on the pier.

28. Plaintiff and Mr. Snel boarded the ship and carried out their duties, having boarded at approximately 13:00 and disembarking at approximately 13:45.

29. While disembarking, vessel agent Mr. Kubilay Ulucan, ("Ulucan") an employee of GAC, went down the gangway first with Plaintiff behind him.

30. It was at this time Mr. Ulucan realized the crew had raised the gangway so there was now a gap of about 4 to 5 feet so the gangway was no longer secured to the pier.

31. The individuals who raised the gangway were agents or employees of Schiffahrt; in the alternative, they were agents or employees of GAC.

32. At all material times, Defendants acted through their agents and/or employees, actual and/or ostensible.

33. Mr. Ulucan jumped down which led a person on the pier to yell up at the crew to lower the gangway.

34. When pulling the gangway to the pier a line slipped and the gangway tipped away from the vessel and towards the pier.

35. The Plaintiff lost her grip and fell, her foot becoming caught in the netting below. She fell face first, catching herself on her hands, knees, and wrists.

36. The incident was directly and proximately caused by the negligence and carelessness of the Defendants, which consisted, among other things, of the following:

    a. The crew raised the gangway while people were on board the ship when the gangway is normally kept in place;

      b.  Mr. Kubilay failed to have everyone turn around and go back up to lower the
    gangway.

37. At all times material hereto, Plaintiff, Kimberly Street, acted with due care and was not
    comparatively negligent.

<h3 style="text-align:center"><u>COUNT 1 – NEGLIGENCE</u></h3>

Plaintiff versus Transeste Schiffahrt, GmbH ("Transeste"), EF Olivia, Ltd. ("EF Olivia"),
EF Olivia GMBH & Co. KG., ("Olivia GMBH"), Döhle Ship Management, Ltd. ("Döhle
Shipmanagement"), and Peter Döhle Schiffarts-KG ("Döhle Schiffarts")

38. Plaintiff, Kimberly Street, incorporates by reference all of the preceding Paragraphs of
    this Amended Complaint as if each and every one was individually set forth within
    this Count.

39. A shipowner owes a duty to exercise reasonable care under the circumstances toward
    those lawfully aboard the vessel who are not crewmembers; included within this duty is
    the duty to provide a safe means of ingress to and digress from the vessel.

40. Defendants, directly or through their agents, Transeste Schiffahrt, GmbH ("Transeste"),
    EF Olivia, Ltd. ("EF Olivia"), EF Olivia GMBH & Co. KG., ("Olivia GMBH"), Döhle
    Ship Management, Ltd. ("Döhle Shipmanagement"), and/or Peter Döhle Schiffarts-KG
    ("Döhle Schiffarts") breached that duty.

41. As a result of breach of said duty, Plaintiff sustained the following injuries, some or all of
    which may be permanent, including but not limited to: a fractured wrist requiring
    surgery, ligament tears and damage, cervical sprain, left knee pain, Achilles rupture, left
    ankle hypomobility, low back pain, lower extremity weakness, antalgic gait, gait
    dysfunction, right 5th PIP sprain of her finger, a triangular fibrocartilage complex
    (TFCC) tear and hamate fracture, along with a twisted ankle.

42. At Aston Premier Physical Therapy, while receiving therapy, Plaintiff was skip jumping

when she felt a pop and sharp pain.

43. Plaintiff was briefly evaluated by Dr. Bash in PT clinic then seen at Riddle ED, placed
into boot and provided crutches.

44. Plaintiff was found to have an Achilles rupture, a foreseeable complication and
consequence of the therapy she required for her injuries.

45. As a result of Defendants' negligence, Plaintiff has suffered great bodily pain and
suffering, emotional distress, lost wages, lost future wages, and incurred large amounts of
medical expenses, to her great detriment and loss.

46. As a result of Defendants' negligence, Plaintiff has sustained serious injury, for the
treatment of which she has incurred medical bills and various other related expenses,
including but not limited to left ankle open repair of Achilles tendon rupture.

47. As a result of Defendants' negligence, Plaintiff has suffered a loss of earning and/or
earning capacity.

48. As a result of Defendants' negligence, Plaintiff has suffered an interruption of her daily
habits and pursuits to her great and permanent detriment and loss.

49. As a result of Defendants' negligence, Plaintiff has suffered economic and non-economic
losses recoverable under Pennsylvania law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an
amount in excess of $50,000, exclusive of interest and costs, along with any other relief this
Court deems appropriate.

## COUNT 2 – RESPONDEAT SUPERIOR

### Plaintiff v. GAC Shipping USA, Inc. and
### ICL

Case ID: 230801632
Control No.: 24041897

50. Plaintiff incorporates all above Paragraphs of this Amended Complaint as if each and every one was individually set forth within this Count.

51. On or about September 21, 2021, and at all times pertinent to this action, the crew of the *Independent Vision* whose negligence injured Plaintiff, was employed by Defendant GAC, acting as agent of the vessel's owner.

52. In the alternative, on or about September 21, 2021, and at all times pertinent to this action, the crew of the *Independent Vision* whose negligence injured Plaintiff, was employed by Defendant ICL, acting as agent of the vessel's owner.

53. As a result of the tortious conduct perpetrated by Defendant's employee described above, Plaintiff suffered damages and losses as described above.

54. At the time the tortious conduct that injured Plaintiff was committed by Defendants' employee, the employee was acting within the scope of his apparent authority, such that Plaintiff was justified in relying on the appearance of authority respecting the employee's actions. The tortious conduct was therefore imputable to Defendant under the doctrine of *respondeat superior*.

55. The tortious conduct that was committed by Defendants' employee and which injured Plaintiff was authorized or approved in advance by Defendant, and thus, the tortious conduct is imputable to Defendant under the doctrine of *respondeat superior*.

56. The tortious conduct that was committed by Defendants' employee and which injured Plaintiff was subsequently ratified by Defendant, and thus, the tortious conduct is imputable to Defendant under the Doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of $50,000, exclusive of interest and cost.

## COUNT 3 – RESPONDEAT SUPERIOR

Plaintiff versus Transeste Schiffahrt, GmbH ("Transeste"), EF Olivia, Ltd. ("EF Olivia"), EF Olivia GMBH & Co. KG., ("Olivia GMBH"), Döhle Ship Management, Ltd. ("Döhle Shipmanagement"), and Peter Döhle Schiffarts-KG ("Döhle Schiffarts")

57. Plaintiff incorporates all above Paragraphs of this Amended Complaint as if each and every one was individually set forth within this Count.

58. On or about September 21, 2021, and at all times pertinent to this action, the crew of the *Independent Vision* whose negligence injured Plaintiff, was an agent of Transeste Schiffahrt, GmbH ("Transeste"), EF Olivia, Ltd. ("EF Olivia"), EF Olivia GMBH & Co. KG., ("Olivia GMBH"), Döhle Ship Management, Ltd. ("Döhle Shipmanagement"), and/or Peter Döhle Schiffarts-KG ("Döhle Schiffarts").

59. As a result of the tortious conduct perpetrated by said Defendant's agent described above, Plaintiff suffered damages and losses as described above.

60. At the time the tortious conduct that injured Plaintiff was committed by said Defendant's agent, the agent was acting within the scope of his apparent authority, such that Plaintiff was justified in relying on the appearance of authority respecting the agent's actions. The tortious conduct was therefore imputable to Defendant under the doctrine of *respondeat superior*.

61. The tortious conduct that was committed by Defendant's agent and which injured Plaintiff was authorized or approved in advance by Defendant, and thus, the tortious conduct is imputable to Defendant under the doctrine of *respondeat superior*.

62. The tortious conduct that was committed by Defendant's agent and which injured Plaintiff was subsequently ratified by Defendant, and thus, the tortious conduct is imputable to Defendant under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of $50,000, exclusive of interest and cost.

ZAJAC & PADILLA, L.L.C.

By:_____

Eric G. Zajac, Esquire

Dated:                        Counsel for Plaintiff