**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KIMBERLY STREET** | |
| **Plaintiffs,** | |
| **v.** | |
| **GAC SHIPPING USA, INC.,** **TRANSESTE SCHIFFAHRT, GmbH,** **INDEPENDENT CONTAINER LINE LTD.,** **EF OLIVIA, LTD.,** **EF OLIVIA GmbH & CO. KG,** **DÖHLE SHIPMANAGEMENT, LTD., and** **PETER DÖHLE SCHIFFARTS-KG** | **CIVIL ACTION NO.  24-1739** |
| **Defendants.** | |

**<u>MEMORANDUM OPINION</u>**

**Rufe, J.**                                                                                          **July 8, 2024**

Plaintiff Kimberly Street filed suit in the Philadelphia County Court of Common Pleas against two shipping companies, GAC Shipping USA, Inc. and Transeste Schiffahrt, GmbH, alleging liability for physical injuries she suffered on a vessel docked in Philadelphia, Pennsylvania. Over the following months, several new defendants, including Independent Container Line Ltd., were brought into the fold. Defendant Independent Container Line Ltd. removed the case to this Court on the basis of diversity jurisdiction. Plaintiff has moved to remand, asserting that removal is premature, or, in the alternative, that the Court will soon lack subject matter jurisdiction because Plaintiff intends to seek joinder of an additional, non-diverse defendant. For the reasons set forth herein, the motion to remand will be denied.

## I.   BACKGROUND

Plaintiff alleges that, on or about September 21, 2021, she boarded a vessel in her capacity as an employee of U.S. Customs and Border Protection.[1] The vessel, then-known as the *Independent Vision*, was docked at Penn Marine Terminal in Philadelphia.[2] Plaintiff contends that shipworkers were negligent in their handling of the gangway between the ship and the pier, causing Plaintiff to lose her grip and fall into the netting below, sustaining serious injuries.[3] Plaintiff alleges state-law claims for negligence and respondeat superior.

On August 15, 2023, Plaintiff initiated suit in the Philadelphia Court of Common Pleas by filing a Complaint against Defendants GAC Shipping USA, Inc. ("GAC") and Transeste Schiffahrt, GmbH ("Transeste").[4] On September 11, 2023, Plaintiff initiated a separate suit in the same court against Defendant Independent Container Line ("ICL") by filing a Writ of Summons.[5] At some point later in September 2023, the Writ of Summons was served upon ICL.[6] On November 21, 2023, the state court, upon Plaintiff's motion, consolidated the GAC and ICL actions.[7] On April 12, 2024, the state court approved a stipulation between counsel permitting the filing of the Amended Complaint which re-included GAC and Transeste, formally named ICL, and added several new defendants: EF Olivia, Ltd.; EF Olivia GmbH & Co., KG; Döhle Shipmanagement, Ltd.; and Peter Döhle Schiffarts-KG (collectively, the "New Defendants").[8]

---

[1] Am. Compl. ¶¶ 17–18 [Doc. No. 1-6].

[2] *Id.* ¶¶ 11, 18.

[3] *Id.* ¶¶ 22–30, 33–36.

[4] Pl.'s Mot. Remand, Ex. A [Doc. No. 4-1].

[5] Notice of Removal, Ex. A [Doc. No. 1-3].

[6] *See* Docket, *Street v. Indep. Container Line, Ltd.*, No. 230900844 (C.P. Phila. Cnty.) (reflecting affidavit of service dated September 19, 2023, attesting to personal service upon ICL on September 15, 2023). *But see* Notice of Removal, Ex. B, Aff. of Guillermo Esteves ¶ 4 [Doc. No. 1-4] (attesting to service on ICL on September 27, 2023).

[7] Notice of Removal, Ex. C [Doc. No. 1-5].

[8] Notice of Removal, Ex. D [Doc. No. 1-6]; Def.'s Resp. Opp'n Mot. Remand, Ex. G [Doc. No. 7-2].

On April 25, 2024, ICL filed its Notice of Removal.[9] GAC consented.[10] As of this date, neither Transeste nor the New Defendants have entered an appearance in state court or this Court.[11] The same day, Plaintiff: (1) filed her motion to remand the case to state court;[12] and (2) initiated a third lawsuit in the Philadelphia Court of Common Pleas by filing a Writ of Summons against Premier Physical Therapy, P.C., alleging that she suffered additional injuries in post-accident physical therapy.[13]

## II.  LEGAL STANDARD

Removal of a civil action from state to federal court is proper only if the action initially could have been brought in federal court.[14] Section 1332 of Title 28 provides that federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."[15] Removal from and remand to state court are governed by 28 U.S.C. §§ 1441, 1446, and 1447. Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."[16] All defendants who have been served must consent to

---

[9] Notice of Removal [Doc. No. 1].

[10] Notice of Removal, Ex. E, Aff. of Darren Martin ¶ 4 [Doc. No. 1-7].

[11] *See* Docket, *Street v. GAC Shipping USA Inc.*, No. 230801632 (C.P. Phila. Cnty.) (reflecting several entries, the latest on April 18, 2024, stating that mail to Transeste's address on file was returned as undeliverable); Docket, *Street v. Indep. Container Line, Ltd.*, No. 230900844 (C.P. Phila. Cnty.) (similarly reflecting one entry, dated December 14, 2023, indicating that mail to Transeste was returned as undeliverable).

[12] Pl.'s Mot. Remand [Doc. No. 4].

[13] Pl.'s Mot. Remand, Ex. D [Doc. No. 4-4]. Plaintiff also attaches an Affidavit of Service to her Reply in support of her Motion to Remand, reflecting that service of the Writ of Summons was made upon Premier Physical Therapy on May 2, 2024. Pl.'s Reply Supp. Mot. Remand, Ex. A [Doc. No. 8-1].

[14] 28 U.S.C. § 1441(a).

[15] 28 U.S.C. § 1332(a), (a)(1).

[16] 28 U.S.C. § 1441(a).

removal, and a case in which jurisdiction is based upon diversity of citizenship may not be removed if any of the defendants is a citizen of the state in which the action is brought.[17] The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."[18] After removal, a plaintiff may file a motion to remand based on either "any defect" in the removal petition or lack of subject matter jurisdiction.[19]

## III.   DISCUSSION

### A.   Complete Diversity Is Present.

In this case, there is no dispute that Defendant Transeste and the New Defendants are foreign corporations, nor is there a dispute that Plaintiff is a citizen of Pennsylvania. The Amended Complaint alleges that Defendant ICL "is a company with a principal place of business at ICL Penn Terminal" in Pennsylvania, that Defendant GAC is similarly "a company with a principal place of business at 1 International Plaza" in Pennsylvania, and that "[a]t all material times, Defendants were regularly conducting business in Philadelphia County."[20] These allegations fail to correctly plead the citizenship of Defendants GAC and ICL. A corporation may have more than one state of citizenship, as it "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."[21] But a corporation may only have one principal place of business, and establishing diversity jurisdiction or the lack thereof requires a party to allege

---

[17] 28 U.S.C. § 1441(b)(1)–(2).

[18] 28 U.S.C. § 1446(b)(1).

[19] 28 U.S.C. § 1447(c).

[20] Am. Compl. ¶¶ 12–14 [Doc. No. 1-6].

[21] 28 U.S.C. § 1332(c)(1).

where a corporation has *its* principal place of business.[22] A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities."[23]

The Amended Complaint alleges only that Defendants GAC and ICL have *a* principal place of business in Pennsylvania, which is inadequate.[24] Defendant ICL's Notice of Removal, by contrast, attaches two affidavits stating that ICL is a foreign corporation with its principal place of business in Glen Allen, Virginia,[25] and that GAC is incorporated in Delaware with its principal place of business in Houston, Texas.[26] Although ICL's affidavit indicates that it is authorized to do business in Pennsylvania, and GAC's affidavit does not explicitly address whether it conducts business in states other than Texas, the allegations of the Amended Complaint and the Notice of Removal ultimately do not conflict. The affidavits, which Plaintiff does not challenge, sufficiently establish the principal place of business for each corporate Defendant, while Plaintiff has failed to allege that either GAC or ICL has its sole principal place of business in Pennsylvania (rather than simply conducting business in Pennsylvania).

### B.     Removal Is Not Premature.

Plaintiff argues that removal is premature because no complaint was filed against Defendant ICL in state court. Accordingly, Plaintiff contends, there was no "initial pleading" against ICL triggering the 30-day period for removal under § 1446(b). Plaintiff relies on the

---

[22] *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013).

[23] *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

[24] *See J & R Ice Cream Corp. v. California Smoothie Licensing Corp.*, 31 F.3d 1259, 1265 n.3 (3d Cir. 1994) (noting that alleging "a" instead of "its" fails to "properly plead diversity jurisdiction"). *Accord S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business" (emphasis added)).

[25] Notice of Removal, Ex. B, Aff. of Guillermo Esteves ¶¶ 2–3 [Doc. No. 1-4].

[26] Notice of Removal, Ex. E, Aff. of Darren Martin ¶¶ 2–3 [Doc. No. 1-7].

Supreme Court's decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*,[27] and the Third Circuit's later decision in *Sikirica v. Nationwide Insurance Company*.[28]

      The Supreme Court held in *Murphy Brothers* that a defendant's time to remove under § 1446(b) is triggered *either* "by simultaneous service of the summons and complaint, *or* receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons . . . ."[29] Plaintiff's argument that "[f]ormal service clearly matters" misses the point in this context.[30] What matters is whether a named defendant has been "brought under a court's authority[ ] by formal process."[31] If it has not, a defendant cannot remove a case based solely on its receipt of a "courtesy copy" of a complaint through informal channels. However, if a summons has been served, a named defendant's later receipt of an initial pleading "through service *or otherwise*" starts the clock.[32] In *Sikirica*, the Third Circuit established what is now settled law: "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)."[33]

      Here, ICL was formally notified of the state-court litigation and was brought under that court's authority when the Writ of Summons was served upon it in September 2023.[34] But the Writ of Summons was not a basis for removal. The Amended Complaint naming ICL as a defendant was the initial pleading that gave clear notice about the allegations in (and

---

[27] 526 U.S. 344 (1999).

[28] 416 F.3d 214 (3d Cir. 2005).

[29] *Murphy Bros., Inc.*, 526 U.S. at 347–48 (quoting 28 U.S.C. § 1446(b)) (emphasis added).

[30] Pl.'s Reply Supp. Mot. Remand at 2 [Doc. No. 8].

[31] *Murphy Bros., Inc.*, 526 U.S. at 347.

[32] 28 U.S.C. § 1446(b) (emphasis added).

[33] *Sikirica*, 416 F.3d at 223.

[34] Notice of Removal, Ex. A [Doc. No. 1-3] (writ of summons); Docket, *Street v. Indep. Container Line, Ltd.*, No. 230900844 (C.P. Phila. Cnty.) (affidavit of service); Notice of Removal, Ex. B, Aff. of Guillermo Esteves ¶ 4 [Doc. No. 1-4] (attesting to service on ICL).

removability of) this case. Plaintiff contends that the Amended Complaint was never filed, notwithstanding that on April 12, 2024, the state court approved the parties' stipulation "to file the Amended Complaint" attached to the stipulation.[35] Plaintiff argues that "[t]heoretically, Ms. Street could choose not to file the Amended Complaint."[36] To the contrary, there was no such conditional language in the stipulation, and the Amended Complaint became the "operative complaint" for purposes of removal once the state court entered the approved stipulation, with the attached Amended Complaint, on the docket.[37]

Regarding the timeliness of removal, ICL acknowledges that it received a copy of the proposed Amended Complaint, "via electronic notice," on April 5, 2024, seven days before the state court granted the parties' stipulation.[38] This Court need not determine whether the removal clock began to run upon ICL's receipt on April 5, 2024, as opposed to the state court's approval of the stipulation on April 12, 2024, because in either event the Notice of Removal was timely filed on April 25, 2024. Furthermore, for the reasons previously discussed, it is of no moment that ICL received the proposed Amended Complaint electronically, as ICL had already been formally brought into the state-court litigation for at least six months by the time it received that electronic copy. This timeline of events provides no basis to grant Plaintiff's motion for remand.

## C.    There Has Been No Joinder of Any Non-Diverse Party.

In the alternative, Plaintiff argues that she "intends" to pursue the newly filed claim against her physical therapist in state court and to seek consolidation of that claim with the

---

[35] Pl.'s Mot. Remand, Ex. B [Doc. No. 4-2].

[36] Pl.'s Mot. Remand at 4 [Doc. No. 4].

[37] *See McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 546 (E.D. Pa. 2011).

[38] Def.'s Resp. Opp'n Mot. Remand at 3 [Doc. No. 7].

instant case, which, she contends, will destroy diversity.[39] However, there are at present no such claims in this Court. It would be premature to rule on any hypothetical jurisdictional questions.

**IV.    CONCLUSION**

Because this case was properly removed and the Court has jurisdiction, remand will be denied. An order will be entered.

---

[39] Pl.'s Mot. Remand at 4 [Doc. No. 4].