## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIMBERLY STREET**<br>**Plaintiff,**<br><br>**v.**<br><br>**GAC SHIPPING USA, INC., et al.**<br>**Defendants.** | **CIVIL ACTION NO.  24-1739** |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                         **October 1, 2024**

Since her case was properly removed to this Court on the basis of diversity jurisdiction,
Plaintiff Kimberly Street has moved repeatedly to remand the case back to state court. The Court
has, thus far, denied her motions.[1] Now that she has amended her complaint to include
nondiverse defendants, Street has again moved to remand. Although the joinder of nondiverse
Defendants might create a basis for remand, this procedural gamesmanship should not be
rewarded. Under the Court's discretion provided by Federal Rule of Civil Procedure 21, the
Court will strike the nondiverse defendants to preserve its diversity jurisdiction and deny Street's
Third Motion to Remand.

### I.      BACKGROUND

Street slipped, fell, and sustained serious injuries as she was disembarking a vessel at
Penn Marine Terminal.[2] Months later, during a physical therapy session treating those injuries,
Street ruptured her Achilles tendon, which required surgery to repair.[3]

---

[1] Mem. Op. & Order [Doc. Nos. 9, 10]; Order [Doc. No. 19].

[2] First Amended Complaint ("FAC") ¶¶ 47-49 [Doc. No. 17].

[3] FAC ¶¶ 67-75 [Doc. No. 17].

On August 9, 2023, Street initiated her first suit in the Philadelphia Court of Common Pleas against two shipping companies: Defendants GAC Shipping USA, Inc. and Transeste Schiffahrt, GbmH.[4] On September 11, 2023, she initiated a separate suit in the same court against Defendant Independent Container Line ("ICL").[5] On November 21, 2023, the state court consolidated the actions upon Street's motion.[6] On April 12, 2024, the state court approved a stipulation between counsel permitting the filing of an Amended Complaint which added several new defendants: EF Olivia, Ltd.; EF Olivia GmbH & Co., KG; Dohle Shipmanagement, Ltd.; and Peter Dohle Schiffarts-KG (together, "Foreign Defendants," and altogether, along with GAC, Transeste, and ICL, the "Penn Terminal Defendants").[7] On April 25, 2024, ICL filed its Notice of Removal in this Court.[8] GAC consented.[9] To date, the Foreign Defendants have not been served.

That same day, April 25, 2024, Street initiated a third lawsuit in the Philadelphia Court of Common Pleas against Walt D'Alessandris, her physical therapist, and Premier Physical Therapy, P.C., his employer.[10] On April 29, 2024, Street filed a fourth lawsuit in the Philadelphia Court of Common Pleas against Premier Physical Therapy and Premier Orthopaedics.[11] Altogether, the Court refers to these defendants as the "Physical Therapy Defendants."

On April 25, 2024, Street also filed her first motion to remand this case.[12] The Court denied Street's motion, explaining that removal was proper at that point because the parties were

---

[4] Pl.'s Mot. Remand, Ex. A [Doc. No. 4-1].

[5] Notice of Removal, Ex. A [Doc. No. 1-3].

[6] Notice of Removal, Ex. C [Doc. No. 1-5].

[7] Notice of Removal, Ex. D [Doc. No. 1-6]; Defs.' Resp. Opp'n Mot. Remand, Ex. G [Doc. No. 7-2].

[8] Notice of Removal [Doc. No. 1].

[9] Notice of Removal, Ex. E [Doc. No. 1-7].

[10] *Street v. Premier Physical Therapy, P.C.*, April Term 2024 No. 3420 (Ct. Com. Pl. Phila. Cnty.).

[11] *Street v. Premier Physical Therapy*, April Term 2024 No. 3746 (Ct. Com. Pl. Phila. Cnty.).

[12] Pl.'s Mot. Remand [Doc. No. 4].

diverse and Defendant ICL had timely removed the case.[13] Street represented in her Motion to Remand that she intended to pursue her newly-filed claim against the Physical Therapy Defendants in state court and seek consolidation of that claim with this case against the Penn Terminal Defendants, which would destroy diversity.[14] The Court explained that it would be "premature to rule on any hypothetical jurisdictional questions."[15]

Street filed her "Renewed [Second] Motion to Remand" on July 25, 2024.[16] In Street's Second Motion to Remand, she urges that any jurisdictional issues are "no longer . . . hypothetical" because of her complaints against the Physical Therapist Defendants in state court.[17] On the same day, she requested that the Philadelphia Court of Common Pleas consolidate her two lawsuits against the Physical Therapy Defendants.[18]

On July 30, 2024, this Court denied Street's Second Motion to Remand because she did not join the nondiverse defendants in this case, or even reference them by name, and simply alluded to her state court lawsuits.[19] The Order noted that on the day before, July 29, 2024, Street amended her complaint as of right under Rule 15(a)(1)(B) naming as defendants the Physical Therapy Defendants.[20] Because the Second Motion to Remand did not rely on, or mention, this

---

[13] Mem. Op. at 4, 5 [Doc. No. 9]; Order [Doc. No. 10].

[14] Pl.'s Mot. Remand at 4 [Doc. No. 4].

[15] Mem. Op. at 8 [Doc. No. 9].

[16] Pl.'s Second Mot. Remand [Doc. No. 13].

[17] Pl.'s Second Mot. Remand at 5 [Doc. No. 13].

[18] *See* Docket, *Street v. Premier Physical Therapy, P.C.*, April Term 2024 No. 3420 (Ct. Com. Pl. Phila. Cnty.) (reflecting a Motion to Consolidate filed on July 25, 2024).

[19] Order [Doc. No. 19].

[20] Order [Doc. No. 19]; FAC ¶¶ 17-23 [Doc. No. 17]. The FAC names "Walter D'Alessandris" as a defendant, FAC ¶ 21 [Doc. No. 17], whereas Street's state court case names "Walt D'Alessandris" as a defendant, Docket, *Street v. Premier Physical Therapy, P.C.*, April Term 2024 No. 3420 (Ct. Com. Pl. Phila. Cnty.). The Court assumes this is the same individual.

amendment, the Court declined to consider the First Amended Complaint ("FAC") in ruling on the motion.

The FAC alleges that the Physical Therapy Defendants "regularly conduct business in Philadelphia County" and that D'Alessandris is "duly licensed to practice physical therapy in the Commonwealth of Pennsylvania."[21] Street makes no other allegations in her FAC regarding the Physical Therapy Defendants' respective citizenships. On July 30, 2024, Street filed her "Re-Renewed Motion to Remand," relying on her FAC, which she urges finally makes remand necessary.[22] For sake of clarity, the Court treats and refers to Street's "Re-Renewed Motion to Remand" as her Third Motion to Remand.

Throughout this period, Street has continued to litigate against the Physical Therapy Defendants in the Court of Common Pleas.[23] On August 20, 2024, the Philadelphia Court of Common Pleas granted Street's motion to consolidate the two separate cases against the Physical Therapy Defendants.[24] Street has essentially maintained two separate cases, continuing to actively litigate against the Physical Therapy Defendants while seeking to remand this case against the Penn Terminal Defendants.

## II.    LEGAL STANDARD

When a case is removed from state to federal court, a plaintiff cannot normally defeat subject-matter jurisdiction simply by joining more, nondiverse defendants. Instead, a plaintiff must first get the district court's approval.[25] In those instances, the court has the power to either

---

[21] FAC ¶¶ 18, 20, 21 [Doc. No. 17].

[22] Pl.'s Third Mot. Remand [Doc. No. 20].

[23] *See* Docket, *Street v. Premier Physical Therapy, P.C.*, April Term 2024 No. 3420 (Ct. Com. Pl. Phila. Cnty.) (reflecting action as recent as September 24, 2024); Docket, *Street v. Premier Physical Therapy*, April Term 2024 No. 3746 (Ct. Com. Pl. Phila. Cnty.) (reflecting action as recent as August 20, 2024).

[24] *See* Docket, *Street v. Premier Physical Therapy, P.C.*, April Term 2024 No. 3420 (Ct. Com. Pl. Phila. Cnty.).

[25] 28 U.S.C. § 1447(e).

deny joinder, or allow joinder and remand the case the state court.[26] However, Rule 15(a)(1)(b)

allows plaintiffs to amend their complaint once as of right—without district court approval—

within 21 days of the defendant filing an answer.

That does not mean, however, that a plaintiff can simply amend her complaint to add a

"spoiler defendant," destroying diversity jurisdiction and forcing remand. "The authority of a

District Court to drop non-diverse parties whose presence is not essential to the suit in order to

preserve and perfect its diversity jurisdiction is well-established."[27] Under Rule 21, "[o]n motion

or on its own, the court may at any time, on just terms, add or drop a party."[28] "Where, as here, a

nondiverse defendant has been added post-removal by amendment as of right, courts may *sua*

*sponte* consider dropping the spoiler under Rule 21."[29] While Rule 21 authority is discretionary,

it is not unlimited: the Court cannot drop, or strike, indispensable parties and must assure itself

that striking the spoiler will not prejudice any party.[30]

Rule 21 does not provide explicit standards regarding what constitutes "just terms" for

joinder or severance. The Third Circuit has endorsed the application of the *Hensgens* factors—

used for determining whether to allow joinder under 28 U.S.C. § 1447(e)—when a Court is

confronted with post-removal amendments that add nondiverse parties:[31]

1) "the extent to which the purpose of the amendment is to defeat jurisdiction;"

2) "whether the plaintiff has been dilatory in asking for [the] amendment;"

---

[26] *Id.*

[27] *Field v. Volkswagenwerk A.G.*, 626 F.2d 293, 296 (3d Cir. 1980).

[28] Fed. R. Civ. P. 21.

[29] *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 130 (3d Cir. 2022). *See also Field*, 626 F.2d at 296 (3d Cir. 1980).

[30] *Avenatti*, 41 F.4th at 131 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) and *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006)).

[31] *Id.* at 129.

3) "whether plaintiff will be significantly injured if [the] amendment is not allowed;" and,

4) "any other factors bearing on the equities."[32]

Street seems to suggest that the Court must determine that the Physical Therapy Defendants have been fraudulently joined before striking them from the case.[33] This is not the standard under Rule 21.[34] Instead, the Court will consider whether joinder would be allowed under § 1447(e) to determine whether to strike the "spoiler" Physical Therapy Defendants.

## III.  DISCUSSION

### A.      Removal of This Action Was Proper

Street continues to argue that "removal of this action was based on the incorrect predicate that an Amended Complaint had been filed against Defendant ICL."[35] As previously explained, whatever "procedural conundrum" Street urges exists is of no moment here.[36] The case became removable at the earliest on April 5, 2024, when ICL received a copy of the Amended Complaint naming it as a Defendant, or at the latest on April 12, 2024, when the state court approved the parties' stipulation "to file the Amended Complaint" attached to the stipulation. [37]

---

[32] *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

[33] Pl.'s Third Mot. Remand at 9-10 [Doc. No. 20].

[34] *See Avenatti v. Fox News Network, LLC*, No. 20-1541, 2021 WL 2143037, at *1 (D. Del. May 26, 2021) (explaining that the fraudulent-joinder doctrine does not apply after a proper removal to federal court).

[35] Pl.'s Third Mot. Remand at 5 [Doc. No. 20].

[36] Pl.'s Third Mot. Remand at 5 [Doc. No. 20]. Street also suggests that because she filed a separate, unrelated case in the Court of Common Pleas, that alone presents an issue that would require remand. It does not. Of course, Street is entitled to bring cases against whomever in state court. Those cases can only present an issue for remand once they are related to or consolidated with the state court action that was removed here.

[37] *Street v. GAC Shipping USA, Inc.*, No. 24-1739, 2024 WL 3327942 (E.D. Pa. July 8, 2024); *see also* Order Denying Pl.'s Second Mot. Remand [Doc. No. 19].

**B.      Rule 21 Allows the Court to Strike the Spoiler Physical Therapy Defendants**

Street urges that because she will be prejudiced if the Physical Therapy Defendants are stricken from this litigation, Rule 21 requires, and the *Hensgens* factors weigh in favor of, remand. The Court disagrees.

1.      The Physical Therapy Defendants are Not Indispensable to This Litigation

Rule 21 only allows the Court to strike nondiverse parties who spoil diversity jurisdiction if they are not indispensable.[38] "[W]here multiple defendants 'are jointly and severally liable, it cannot be argued that [one is] indispensable.'"[39] Street has alleged that the Penn Terminal Defendants and Physical Therapist Defendants are jointly and severally liable for the injuries she suffered at therapy following the initial injury.[40] "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."[41] The Physical Therapy Defendants are not indispensable.

2.      The *Hensgens* Factors Support Striking the Physical Therapy Defendants

The Court may consider the purpose of the amendment, the plaintiff's delay, prejudice, and "any other factors bearing on the equities" when determining whether striking a spoiler party would be just.[42]

As to the first factor, the Court finds that Street's purpose in amending her complaint was quite clearly to defeat diversity jurisdiction. Indeed, she admits as much. After two unsuccessful

---

[38] *Newman-Green, Inc.*, 490 U.S. at 832.

[39] *Avenatti*, 41 F.4th at 135-36.

[40] Pl.'s Third Mot. Remand at 1, 8 [Doc. No. 20]; FAC ¶¶ 91, 98, 104, 114 [Doc. No. 17].

[41] *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990). *See Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC*, 358 F. Supp. 3d 426, 438-39 (E.D. Pa. 2018) (striking parties who are not indispensable and spoil diversity jurisdiction); *Torres v. Johnson & Johnson*, No. 18-10566, 2021 WL 5310752, at *4 (D. Mass. Nov. 15, 2021) (refusing to add potential joint tortfeasors, reasoning they are not indispensable).

[42] *Hensgens*, 833 F.2d at 1182.

7

motions to remand, she amended her complaint to include the Physical Therapy Defendants and now argues that "[t]his destroys the complete diversity of jurisdiction that the existing Defendants covet to avoid litigating [in] Philadelphia County."[43] Street's first two motions to remand bolster this conclusion, indicating that Street was more intent on remanding back to state court—on any basis—than joining the Physical Therapy Defendants in the lawsuit for meritorious reasons. Street's initial motion for remand and Street's state court lawsuit against some of the Physical Therapy Defendants were both filed the day of the removal. Where a plaintiff seeks to add a nondiverse party immediately after removal but before any additional discovery takes place, district courts are right to wonder whether the amendment is solely for the purpose of avoiding federal jurisdiction.[44]

Moreover, Street knew about the Physical Therapy Defendants' potential liability at the outset. Her original complaint already mentioned the injuries she suffered during her post-accident physical therapy, indicating that adding the Physical Therapy Defendants to the FAC was only intended to defeat federal jurisdiction.[45] Street describes these injuries in her original negligence count against the Penn Terminal Defendants as a "foreseeable complication and consequence of the therapy she required for her injuries."[46] The FAC simply adds the Physical Therapy Defendants into "The Parties" section of the Complaint and alleges the same facts as those present in the original Complaint.[47] It is clear to the Court that Street's intent in amending

---

[43] Pl.'s Third Mot. Remand at 4 [Doc. No. 20].

[44] *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999); *Avenatti*, 2021 WL 2143037, at *3.

[45] *See Avenatti*, 2021 WL 2143037, at *3 ("The minor substantive differences between the two complaints confirm [plaintiff's] purpose [to defeat federal jurisdiction].").

[46] Notice of Removal, Ex. D ¶ 44 [Doc. No. 1-6].

[47] FAC ¶¶ 17-23 [Doc. No. 17]; Notice of Removal, Ex. D ¶ 42-44 [Doc. No. 1-6].

her complaint was to defeat federal jurisdiction and force remand. Under *Hensgens*, this factor favors striking the Physical Therapy Defendants.

The delayed timing of Street's amendments and state court filings also evidences her primary intent to defeat federal jurisdiction and favors striking the Physical Therapy Defendants. Street was able to amend as of right for 21 days after ICL and GAC answered in this court, and timely did so.[48] However, her FAC comes nearly a year after she filed her first lawsuit in state court. She never explains this delay. Nor does she explain why she waited until the very day that ICL removed the case to this Court before she filed her first lawsuit against some of the Physical Therapy defendants in state court for the same injuries, nearly eight months after the filing of her first lawsuit. The only explanation, it seems, is because once ICL removed the case, Street needed a reason to remand, and decided at that point to add the Physical Therapy Defendants.

Street will not be prejudiced if the Court strikes the Physical Therapy Defendants, who have yet to appear before this Court. Street urges that she would be forced to litigate the same case in two separate fora, "would have to give a different deposition[,] answer two different sets of written discovery[, and] would be characterized as 'litigious' in each case for filing two different lawsuits at the same time."[49] The Court does not find this argument persuasive. Street will actually litigate two very different cases, against distinct sets of defendants. Again, Street admits this herself: "The negligence of the Penn Terminal Defendants focuses on Ms. Street's safety as she disembarked a docked vessel. The negligence of the [P]hysical [T]herapy Defendants focuses on Ms. Street's safety as she was directed to perform a new physical therapy maneuver [seven] months later, in a different location."[50] Moreover, Street's continued litigation in state court against

---

[48] Fed. R. Civ. P. 15(a)(1)(B).

[49] Pl.'s Third Mot. Remand at 9 [Doc. No. 20].

[50] Pl.'s Third Mot. Remand at 7 [Doc. No. 20].

the Physical Therapy Defendants *while this action and motion for remand is pending* evidences

that Plaintiff will not be prejudiced if she is permitted to pursue that distinct action in state court

while this action, against only the Penn Terminal Defendants, continues here.

Finally, "[e]quitable factors considered by courts in this District include the efficient use

of judicial resources, the effect remand will have on the defendant, and the expertise of the court

relative to the applicable law."[51] Where there are no other factors bearing on the equities, it is

within a court's discretion to omit these considerations under the *Hensgens* balancing test.[52] No

equities not already discussed caution against striking the Physical Therapy Defendants from this

case to protect federal jurisdiction.

Street relies on two other cases in this District, *Hilley* and *Parker*, to urge that under the

*Hensgens* factors, remand is necessary.[53] But both differ in meaningful ways. In *Hilley*, it was

clear that the amendments were not intended to defeat diversity jurisdiction: plaintiff identified

several defendants as John Doe #1 through #3 in state court, and after removal, plaintiff amended

his complaint to identify the John Does, who turned out to be domiciled in the same state as the

plaintiff.[54] Because "[p]laintiff displayed his intent to pursue an action against the

Defendants . . . prior to the point in time that Defendants removed this litigation to federal

court," remand was warranted.[55] No such intent is evidenced here, where the injury caused in

---

[51] *Hennix v. Belfor USA Grp., Inc.*, No. 22-1473, 2022 WL 3691020, at *8 (E.D. Pa. Aug. 25, 2022) (quoting *Taylor v. GGNSC Phila., LP*, No. 14-7100, 2015 WL 5584781, at *7 (E.D. Pa. Sept. 23, 2015)).

[52] *Avenatti*, 41 F.4th at 136 n.4.

[53] Pl.'s Reply Resp. Opp'n Mot. Remand at 3-4 [Doc. No. 23]. *Hilley v. TJX Companies, Inc.*, No. 24-665, 2024 WL 1889789 (E.D. Pa. Apr. 30, 2024); *Parker v. Amazon Logistics, Inc.*, No. 23-1760, 2023 WL 4141037 (E.D. Pa. June 22, 2023).

[54] *Hilley*, 2024 WL 1889789, at *1-2.

[55] *Id.* at *4.

Physical Therapy is mentioned in the original Complaint, the parties were known to Plaintiff, and she still did not name any of the Physical Therapy Defendants in the original complaint.

In *Parker*, the procedural posture is meaningfully different from that here: the plaintiff was in a car accident with two other drivers domiciled in her same state, after which she sued those drivers in two separate lawsuits in state court.[56] During discovery in that case, she learned one of the drivers was delivering packages for a Washington company, sued that company in state court in a third lawsuit, and consolidated all three cases relating to the accident.[57] When the Washington company removed the third suit to this Court, *after* all cases were consolidated, the plaintiff moved to remand or amend her complaint to include the nondiverse defendant drivers.[58] Plaintiff's failure to even file the cases against the Physical Therapy Defendants before removal occurred renders any wisdom from *Parker* irrelevant here.

The above analysis of the *Hensgens* factors assures the Court that striking the spoiler Physical Therapy Defendants is proper under Rule 21.

## IV.  CONCLUSION

The Physical Therapy Defendants, as alleged joint tortfeasors, are not indispensable to this litigation, and the *Hensgens* factors do not support their joinder.[59] Thus, the Court will strike Premier Orthopaedics, Premier Physical Therapy, P.C., and Walter D'Alessandris, PT, from the case and deny Street's Third Motion to Remand. An order will be entered.

---

[56] *Parker*, 2023 WL 4141037, at *1.

[57] *Id.* at *2.

[58] *Id.* at *3.

[59] Because the Court strikes the spoiler defendants under a Rule 21 analysis, and because Defendant did not file a Motion to Dismiss the Physical Therapy Defendants, the Court declines to rule on Defendant's arguments regarding Street's failure to adequately plead the Physical Therapy Defendants' citizenship or the timeliness of the claims against the Physical Therapy Defendants.